IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ETTA LOWERY** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:06-CV-1886-L** |
| | § | |
| **ALLSTATE TEXAS LLOYDS, INC.,** | § | |
| **et al.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Leave to Amend Original Pleading, filed on June

26, 2007 by Etta Lowery ("Plaintiff"). After careful consideration of the motion, response, reply,

record, and applicable law, the court **denies** Plaintiff's Motion for Leave to Amend Original

Pleading.

## I.     Factual Background and Procedural History

Plaintiff initially filed this action in state court against her former employer, Allstate

Insurance Company ("Allstate"), alleging race and age discrimination, as well as retaliation in

violation of the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code §§ 21.001

*et seq.* She also sued two former supervisors, Sandra Mobley ("Mobley") and Brian Viohl

("Viohl"), for defamation. Following timely removal, Plaintiff filed a motion to remand arguing that

complete diversity did not exist because Viohl is a Texas resident. Determining that Viohl was

improperly joined for the purpose of defeating diversity, the court denied the motion to remand on

April 23, 2007.

Pursuant to the November 30, 2006 Scheduling Order, the deadline to amend pleadings was June 4, 2007. Plaintiff filed her motion for leave to amend on June 26, 2007. Plaintiff seeks leave to amend her original complaint to: (1) add federal claims; (2) clarify the name of the corporate defendant; and (3) remove Mobley and Viohl as defendants. Defendants oppose Plaintiff's attempt to add new federal claims after the expiration of the amendment deadline, arguing that good cause is lacking under Fed. R. Civ. P. 16.[1] Alternatively, Defendants contend that even if Plaintiff has satisfied the requirements set forth in Rule 16, the court should still deny her motion for leave under Rule 15.

## II.    Applicable Legal Standards

Where a party has filed a motion to amend after the court-ordered pleading deadline, which is the case here, Fed. R. Civ. P. 16 applies. Once a scheduling order has been entered, it can only be modified upon a showing of good cause. *See* Fed. R. Civ. P. 16(b); *S & W Enterprises, L.L.C. v. South Trust Bank of Alabama, N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); Scheduling Order ¶ 12 (November 30, 2006) ("*A motion for an extension of any deadline set forth herein must be made prior to its expiration.* This order shall control the disposition of this case unless it is modified by the court upon a showing of good cause and by leave of court. Fed. R. Civ. P. 16(b)") (original emphasis). In deciding whether to allow untimely amendment, a court is to consider: "(1) the explanation for failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enterprises, L.L.C.,* 315 F.3d at 536 (internal quotation marks, brackets and citations omitted).

---

[1]Defendants do not oppose Plaintiff's motion for leave to amend insofar as she seeks to amend her original petition to voluntarily dismiss the individual defendants and to clarify the name of the corporate defendant.

Once a court determines that the party moving for leave has satisfied the inquiry under Rule 16, it must then consider the motion under Rule 15. *See S & W Enterprises,* 315 F.3d at 536, n.4. Under Rule 15, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).

> Although Rule 15(a) evinces a bias in favor of granting leave to amend, such leave is not automatic. In deciding whether to allow amendment, a district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.

*Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998) (internal quotations footnotes, brackets and citations omitted); see also *Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion for leave should not be denied "unless there is a substantial reason to do so." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994).

## III. ANALYSIS

The court now applies these four factors to determine whether Plaintiff should be permitted leave to amend her pleadings at this late juncture. As stated above, the first factor concerns Plaintiff's explanation for failure to timely move for leave to amend. Plaintiff contends that "it was not until after that ruling on the motion to remand, and after the initial documents were exchanged and initial deposition taken (on June 21 & 22, 2007), that Plaintiff realized that it would be best . . . to modify the pleading." Pl. Reply at 2. Plaintiff also contends that asserting federal claims in her original complaint would have rendered moot the jurisdictional arguments in her motion to remand. As further reason for the delay, Plaintiff asserts that she discovered at the initial depositions in this case that Defendants would challenge the timeliness of her TCHRA claims, and therefore she was alerted at that time that she needed to amend to add federal employment discrimination claims.

In opposition, Defendants argue that Plaintiff had ample time after the denial of her motion to remand to bring the federal claims, and had the information to support those claims since the inception of this case. Resp. at 3.

While Plaintiff may have chosen not to assert her federal claims initially in state court, she has failed to provide the court with a cogent explanation for waiting more than sixty days to seek leave to amend after learning that the court had denied her motion to remand; nor has she explained why she waited until well after the expiration of the deadline to amend pleadings to file her motion. Moreover, Plaintiff was put on notice in Defendants' Original Answer that Defendants challenged the timeliness of her TCHRA claims. *See* Def. Orig. Ans. ¶¶ 3, 7, 17. It is apparent to the court that Plaintiff made a tactical decision early on not to assert her federal law claims in an effort to avoid federal jurisdiction, and because asserting the federal claims earlier would have rendered her motion to remand moot. *See* Reply at 2. In sum, Plaintiff has failed to provide the court with any reasonable explanation for the delay, other than tactical lawyering. Accordingly, the first factor weighs against Plaintiff. *See generally S & W Enterprises,* 315 F.3d at 536 (denying leave to amend where "the same facts were known to [the movant] from the time of its original complaint to the time it moved for leave to amend."); *Southwestern Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 547 (5th Cir. 2003) (denying leave to amend when the movant "was aware of the contract that forms the basis of its proposed amendment months in advance of the deadlines" and did "not offer a satisfactory explanation for its delay in seeking leave to amend.").

As to the second factor, the importance of amendment, Plaintiff contends that the amendments are important because, assuming Defendants are correct that her TCHRA claims are untimely or suffer from other procedural defects, adding federal claims of race discrimination and

retaliation would potentially moot that issue. Defendants argue that Plaintiff has known about her potential federal claims for over a year, and her failure to bring those claims earlier discounts the importance of the requested amendments. Resp. at 4. Having considered the parties' arguments regarding the importance of amendment, the court determines that this factor does not weigh in favor of either party. While it is true that the TCHRA and federal anti-discrimination statutes have different filing and exhaustion requirements, it is also correct that such a lengthy delay in seeking to add these claims undermines Plaintiff's argument regarding the importance of the amendment.

The third factor addresses potential prejudice that Defendants may incur if leave to amend is allowed. In an effort to show that Defendants would not be prejudiced by the proposed amendment, Plaintiff points out that the discrimination and retaliation claims she seeks to add under the federal statutes involve the same facts and same modes of proof as her state law TCHRA claims. Reply at 3-4. Defendants contend that they have based their entire defense strategy and conducted discovery tailored to defending against the state law claims, and their purported procedural defects. Defendants further contend that if leave to amend is permitted, they will have to formulate new defenses to Plaintiff's claims under federal statutes. Resp. at 4. Defendants further argue that, contrary to what Plaintiff suggests, the federal claims she seeks to add entail different defenses and ranges of damages than her existing state law claims. *Id.*

The court first notes that "the fact that the two claims involve the same facts is further evidence that the Plaintiff could have brought this claim at any time since the filing of this lawsuit." *Navarro v. Microsoft Corp.*, 214 F.R.D. 422, 424 (N.D. Tex. 2003) (Sanders, J.). In *Navarro*, the court denied leave to amend under similar facts. The plaintiff in that case sought leave to amend after the deadline set forth in the court's scheduling order for amendment of pleadings. Plaintiff in

*Navarro*, as in this case, initially brought claims under the Texas Labor Code, and after expiration of the deadline for leave to amend, sought to add federal statutory anti-discrimination claims. The plaintiff argued that defendant in that case would not be prejudiced because the federal claims plaintiff sought to add and the state claim before the court involved the same facts and same method of proof. *Id.* Denying leave to amend, the court stated:

> Plaintiffs have not provided an explanation for why they did not seek an extension of the deadlines set by the court's scheduling order [earlier] . . . Plaintiffs have failed to demonstrate good cause for the untimely filing of this Motion to Amend. Furthermore, the amendment would cause prejudice to Defendant. While the causes of action under the Texas Labor Code and [42 U.S.C.] § 1981 may be virtually identical, the defenses to each cause of action are not necessarily the same . . . . Therefore, Defendant would be prejudiced by the amendment.

*Id.* at 423-24 (citation omitted).[2] In this case, discovery concluded on August 3, 2007. Further, as in *Navarro*, although the causes of action under the TCHRA and federal anti-discrimination statutes may be the same,[3] defenses to the causes of action are "not necessarily the same." *Id.* Thus, Defendants would be forced to prepare a different defense than that contemplated since the inception of this case. Under these facts, as in *Navarro*, the court concludes that allowing leave to amend would be prejudicial to Defendants. Accordingly, this third factor weighs against Plaintiff.

Further, Defendants correctly argue that even if Defendants would not be prejudiced, "mere inadvertence on the part of the movant and the absence of prejudice to the non-movant are

---

[2]Plaintiff's attempt to distinguish *Navarro* is unavailing. Plaintiff contends that Navarro is distinguishable because it "involved facts that had been previously established by prior discovery[.]" Reply at 5. Here, Plaintiff knew all the facts she needed to assert the federal claims during discovery but made a tactical decision to not assert them.

[3]"One of the primary goals of the [TCHRA] is to coordinate state law with federal law in the area of employment discrimination." *Vielma v. Eureka Co.*, 218 F.3d 458, 463 (5th Cir. 2000) (quoting Tex. Lab. Code § 21.001(1)-(2)).

insufficient to establish good cause." *Hinds v. Orix Capital Markets, L.L.C.*, 2003 WL 21350210, at *4 (N.D. Tex. June 10, 2003) (and cases cited therein) (Solis, J.).

With regard to the availability of a continuance, the fourth factor, Plaintiff argues that while there should not be a need for a continuance, she is willing to provide additional documents or another deposition, and will accommodate Defendants if a continuance is needed. Reply at 5. Defendants contend that additional time will not cure the prejudice that they will face, and would only delay the entire case. Moreover, discovery will have to be reopened. Resp. at 4-5. This case is set for trial on the court's four-week docket beginning December 3, 2007. The deadline for filing dispositive motions is September 4, 2007. While a continuance could arguably cure any undue prejudice to Defendants, such a continuance would necessitate an extension of all other deadlines, further delaying the disposition of this case. Moreover, such a continuance would effectively award Plaintiff's for engaging in the conduct that caused the current situation. The court is thus not inclined to continue this case or to reopen discovery. *See generally Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997) ("District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case."); *Prudhomme v. Teneco Oil Co.*, 955 F.2d 390, 392 (5th Cir. 1992) (district courts have broad discretion to manage their dockets); *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995) (district courts have broad discretion to expand filing deadlines).[4]

---

[4]The court is also mindful of its order of May 18, 2007, in which it granted plaintiff's unopposed motion to extend deadlines for expert designations. In that order the court made clear to the parties that "it [was] not inclined to extend other deadlines set forth in the court's scheduling order based on the parties' own delays in discovery. While Plaintiff's motion for leave is not the result of a discovery delay, it is the result of a situation of her own making, namely to withhold her federal claims until such time as it was tactically advantageous to her to raise them. Unfortunately, such time was after the expiration of the deadline to seek leave to amend pleadings.

In short, three of the factors weigh against granting leave to amend. Plaintiff has failed to articulate any reasonable explanation for the delay. Additionally, as Plaintiff's TCHRA claims and her proposed federal anti-discrimination claims may require different defenses and additional discovery may be required, Defendants will be prejudiced if leave is allowed. As to the importance of the amendment, the court has determined that this factor does not weigh in favor of either party. Finally, as the court stated above, a continuance in this case would only reward Plaintiff for conduct upon which the court frowns. In light of the foregoing, Plaintiff's motion for leave to amend her original pleading should be denied.

## IV.    Conclusion

For the foregoing reasons, the court **denies** Plaintiff's Motion for Leave to Amend Original Pleading.

**It is so ordered** this 15th day of August, 2007.

Sam A. Lindsay
United States District Judge